B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois

**Case No. 11−42467**

**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Warren T Dobson II
   8201 S. Oglesby Ave
   Chicago, IL 60617

Social Security / Individual Taxpayer ID No.:
   xxx−xx−8252

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                            FOR THE COURT

Dated: <u>January 18, 2012</u>                   <u>Kenneth S. Gardner, Clerk</u>
                                                  United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

```
                         United States Bankruptcy Court
                          Northern District of Illinois

In re:                                                          Case No. 11-42467-CAD
Warren T Dobson                                                 Chapter 7
         Debtor                 CERTIFICATE OF NOTICE

District/off: 0752-1          User: admin              Page 1 of 2         Date Rcvd: Jan 18, 2012
                              Form ID: b18             Total Noticed: 12


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 20, 2012.
db           +Warren T Dobson, II,    8201 S. Oglesby Ave,    Chicago, IL 60617-1927
17943576     +BMO Harris Bank N.A.,    111 W. Monroe Street,    Chicago, IL 60603-4095
17943578     +Center Bank,   17127 Pioneer Blvd,    Artesia, CA 90701-2758
17943580     +Chase Home Finance,    343 Thornall Street,   Ste 7,    Edison, NJ 08837-2209
17943583     +United Federal Credit,    2807 S State St,   Saint Joseph, MI 49085-2454
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
17943574      EDI: MERRICKBANK.COM Jan 19 2012 02:33:00      Advanta Bank Corp,    Po Box 844,
               Spring House, PA 19477
17943575     +EDI: AMEREXPR.COM Jan 19 2012 02:33:00      American Express,    Po Box 297871,
               Fort Lauderdale, FL 33329-7871
18076189     +EDI: ATLASACQU.COM Jan 19 2012 02:33:00      Atlas Acquisitions LLC,    294 Union St.,
               Hackensack, NJ 07601-4303
17943577      EDI: CAPITALONE.COM Jan 19 2012 02:33:00      Capital One,    Po Box 85015,
               Richmond, VA 23285-5075
17943579     +EDI: CHASE.COM Jan 19 2012 02:33:00      Chase,   P.O. Box 15298,    Wilmington, DE 19850-5298
17943581      EDI: DISCOVER.COM Jan 19 2012 02:33:00      Discover Financial,    Pob 15316,
               Wilmington, DE 19850
17943582     +EDI: RESURGENT.COM Jan 19 2012 02:33:00      Lvnv Funding Llc,    Po Box 740281,
               Houston, TX 77274-0281
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jan 20, 2012**                    **Signature:**    _Joseph Speetjens_

```
District/off: 0752-1          User: admin             Page 2 of 2              Date Rcvd: Jan 18, 2012
                              Form ID: b18            Total Noticed: 12
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 18, 2012 at the address(es) listed below:

```
          Heather M Giannino    on behalf of Creditor   JP Morgan Chase Bank, National Association
           heathergiannino@hsbattys.com,   shellyhood@hsbattys.com;danacloe@hsbattys.com;bk4hsbm@gmail.com
          Mohammed O Badwan    on behalf of Debtor Warren Dobson courtinfo@sulaimanlaw.com,
           mbadwan@sulaimanlaw.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com
          Norman B Newman    nnewman@muchshelist.com,   IL63@ecfcbis.com;nsulak@muchshelist.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 4
```